Philadelphia Minit-Man Car Wash Corporation v. Building and Construction Trades Council of Philadelphia and Vicinity, Appellant.

Argued April 19, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Bernard N. Katz, with him Meranze, Katz & Spear, for appellants.

Maurice J. Klein, with him Albert Momjian, and Abrahams & Loewenstein, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1963:

On January 8, 1963, appellee filed a complaint in equity seeking an injunction to limit the number of pickets and the manner of patrol by members of appellant labor union around appellee's car wash station then under construction. The complaint, to which were attached supporting affidavits of construction workers, alleged that members of the union were frequently mass picketing so as to make entrance and exit impossible and were intimidating workers by threats and damage to property. Completion of the construction, it was averred, was rendered almost impossible by such conduct. The union filed preliminary objections which challenged the jurisdiction of the court to grant the relief sought. The court, upon consideration of the complaint, affidavits, preliminary objections and argument by counsel, issued a preliminary injunction which limited the number of pickets at any one time to four [1] and regulated the manner of picketing.

Appellants urge that the court below was prohibited, prior to full hearing, from issuing the preliminary in-

---

[1] During the negotiations between the union and appellee, counsel for both parties had an understanding that there would be only four pickets for the duration of the negotiations.

junction by the Labor Anti-Injunction Act of 1937.[2] However, Section 4(d) of that Act[3] provides that the Act shall not apply where the union seizes, holds, damages or destroys property of the employer. Appellants contend that no evidence was presented which would bring the dispute within this exclusion and thereby withdraw it from the prohibitions of the Act. But, to the contrary, the complaint specifically alleged with the support of affidavits that the union was "repeatedly and frequently mass-picketing the entrances to the job site in such hoards and numbers as to render ingress and egress . . . ofttimes impossible." The filing of preliminary objections constituted an admission by the union, at that stage of the proceedings, of these and all well-pleaded facts in the complaint. See *Bogash v. Elkins,* 405 Pa. 437, 176 A. 2d 677 (1962); *Silver v. Korr,* 392 Pa. 26, 139 A. 2d 552 (1958).

Mass picketing so concentrated as to prevent access to the employer's plant or property has been held to constitute a "seizure" within §4(d) of the Labor Anti-Injunction Act. See *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union,* 393 Pa. 385, 143 A. 2d 354 (1958); *Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers (CIO) Local 601,* 353 Pa. 446, 46 A. 2d 16 (1946); *Carnegie-Illinois Steel Corp. v. United Steelworkers,* 353 Pa. 420, 45 A. 2d 857 (1946). Therefore, the Act, on this record, does not apply, and the lower court was not thereby precluded from granting injunctive relief.

The validity of the preliminary injunction is determined by the well-established rule repeated in *Mead Johnson & Co. v. Martin Wholesale Distributors, Inc.,*

---

[2] June 2, 1937, P. L. 1198, as amended, 43 P.S. §§206a-r (1952). Section 9, 43 P.S. §206i, prohibits the issuance of an injunction prior to hearing the testimony of witnesses in open court with an opportunity for cross-examination.

[3] 43 P.S. §206d(d).

408 Pa. 12, 19, 182 A. 2d 741, 745 (1962): " ' "Our uniform rule is that, on an appeal from a decree which refuses, [or] grants . . . a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable: [Citing cases]." ' Slott v. Plastic Fabricators, Inc., 402 Pa. 433, 434, 167 A. 2d 306."

Rule 1531(a) of the Rules of Civil Procedure permits a court to rely upon the allegations in the complaint, affidavits attached thereto, preliminary objections, (and arguments of counsel) in determining whether or not a preliminary injunction should issue.[4]

The allegations of mass picketing, violence and intimidation, admitted by the union's preliminary objections, were sufficient to bring this controversy within the exclusionary provisions of the Labor Anti-Injunction Act and to establish reasonable grounds for the issuance of the preliminary injunction by the chancellor. We find no basis for disturbing the adjudication of the court below.

Decree affirmed. Costs upon appellants.

Mr. Justice COHEN and Mr. Justice EAGEN dissent.

---

[4] Rule 1531(a) provides for the issuance of preliminary injunctions and continues: "In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require."