Link Belt Company *v.* Local Union No. 118 of
American Federation of Technical Engineers,
Appellant.

Argued May 26, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel L. Quinlan, Jr.,* for appellants.

*Ray J. Schoonhoven,* of the Illinois Bar, with him *Gilbert P. High, John D. O'Brien,* and *High, Swartz, Childs and Roberts,* and *Seyfarth, Shaw, Fairweather & Geraldson,* of the Illinois Bar, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1964:

On May 4, 1964, employees represented by appellant labor unions went on strike against their employer, Link Belt Company, appellee. On May 12, appellee brought an action in equity against appellants in order to obtain a preliminary injunction prior to hearing and a permanent injunction thereafter restraining alleged mass picketing. The complaint averred that defendants "formed and caused to be formed mass picket lines at all of the entrances and

exits to Plaintiff's property, including railroad sidings, and, *by physical force,* intimidation, threat of force, by jeers, vile, obscene, threatening and abusive language, and by the interposition of their persons have maliciously conspired to prevent the passage of vehicles and pedestrians, and by such action have thus barred other employees, supervisory personnel, customers, suppliers, and other persons lawfully desiring so to do from coming upon or leaving plaintiff's property in pursuit of plaintiff's business. Plaintiff attaches hereto and makes a part hereof the affidavits of divers persons in support of the allegations contained in this Complaint." (Italics in the original.)

Basing its action upon the complaint, injunction affidavits and the bond,[1] the court below granted a preliminary injunction. The order restrained appellants from interfering with employees of appellee by mass picketing, threats, coercion, etc., from preventing access to appellee's plant by mass picketing, threats, etc., and from conspiring with others to interfere with or injure, by force or numbers, the conduct of appellee's operations. The order also limited the number of pickets to three per plant entrance and set a hearing for the next morning to determine whether the injunction should be continued pending final disposition of the matter.

A motion to vacate was dismissed. After the hearing, the preliminary injunction was continued. Appellants appeal from the grant of the injunction and from its continuation.

Appellants' principal contention is that the Act of June 9, 1939, P. L. 302, §1, 43 P.S. §206d, which amends the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, §4, does not authorize the issuance

---

[1] Appellee notes in its brief that the court also heard oral argument by its counsel and counsel for appellants.

of a preliminary injunction prior to hearing in a case growing out of a labor dispute. This contention is squarely contrary to the holding of *Carnegie-Illinois Steel Corp. v. United Steelworkers,* 353 Pa. 420, 45 A. 2d 857 (1946), which appellants request we overrule.

Appellees urge that since a hearing was held on the day following the issuance of the injunction, the question of ex parte injunction is now moot. Appellants counter that life cannot be breathed into an injunction which the court had no initial power to issue. Assuming, for the moment, that the latter position is so, we turn to the merits of the controversy.[2]

As originally enacted, Section 4 of the Labor Anti-Injunction Act provided: "No court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act, except in strict conformity with the provisions of this act, nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this act. Exclusive jurisdiction and power to hear and determine all actions and suits coming under the provisions of this act, shall be vested in the courts of common pleas of the several counties of this Commonwealth."

Taken together with Sections 9 and 12 (43 P.S. §§206i and 206l), it is clear that between June 2, 1937 and the 1939 amendment, no court of the Commonwealth could issue an ex parte preliminary injunction.

---

[2] This case is unlike *Taylor Fibre Co. v. Textile Workers Union,* 395 Pa. 535, 151 A. 2d 79 (1959), in which the union waived its right to attack the preliminary injunction by consenting to the limitation of the number of pickets. Appellants contend in the instant case that counsel's presence in chambers when the order was issued and at the hearing is insufficient to cure the absence of power in the court to act.

As it is material to the present controversy, the Act of 1939 added to Section 4 the following proviso: "Provided, however, That this act shall not apply in any case . . . (d) Where in the course of a labor dispute as herein defined, an employe, or employes acting in concert, or a labor organization, or the members, officers, agents, or representatives of a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining."

In *Carnegie-Illinois Steel Corp. v. United Steelworkers,* 353 Pa. 420, 428, 45 A. 2d 857, 860 (1946), this Court sustained the issuance of a preliminary injunction prior to hearing and, speaking through Mr. Chief Justice MAXEY, held: "The Act of June 9, 1939, P. L. 302, 43 P.S. 206d, amending the Anti-Injunction Act of 1937, P. L. 1198, 43 P.S. 206a, b, c, completely restores to the courts of common pleas the equitable powers exercised by them since the Act of June 16, 1836, P. L. 784, 17 P.S. 281, prior to the Act of 1937, for causes which fall within the terms of the 1939 Amending Act: Western Pa. Hospital et al. v. Lichliter et al., 340 Pa. 382."[3]

---

[3] This principle was followed in *Double Woven Corp. v. Int'l. Textile Workers' Union,* 54 Lack. Jur. 85 (C.P. 1952); *Nuttall v. Cleaners and Dyers Ass'n.,* 47 Lack. Jur. 201 (C.P. 1946).

Appellants place very heavy reliance on the dissenting opinion in *Carnegie.* One commentator has said with specific regard thereto: "Four regular sessions of the Pennsylvania legislature have convened and adjourned since Justice [later Chief Justice CHARLES ALVIN] JONES' dissenting opinions on this issue. In light of another rule of statutory construction, that the Supreme Court's construction of the act '. . . unless amended by the legislature, has the same effect as if written into the body of the statute at the time of its enactment . . .,' Justice JONES' argument

In *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union*, 393 Pa. 385, 143 A. 2d 354 (1958), we specifically held that the Labor Anti-Injunction Act does not apply to every labor dispute. "If a particular labor dispute falls within the exclusion of section 206(d) [Section 4 of the Act], compliance with the procedural requirements of pleading and proof of that statute is not a prerequisite to the issuance of an injunction: Westinghouse Electric Corporation v. United Electrical, Radio & Machine Workers of America (CIO) Local 601, 353 Pa. 446, 46 A. 2d 16; Carnegie-Illinois Steel Corporation v. United Steelworkers of America, 353 Pa. 420, 45 A. 2d 857." Id. at 390-91, A. 2d at 357-58.

Most recently, this Court sustained the issuance of a preliminary injunction without hearing in *Phila. Minit-Man Car Wash Corp. v. Building and Construction Trades Council*, 411 Pa. 585, 192 A. 2d 378 (1963). The clear holding of the *Minit-Man* decision is that the usual rules of equity, particularly Pa. R.C.P. 1531 which authorizes the issuance of a preliminary injunction prior to hearing, will apply in cases outside the scope of the Labor Anti-Injunction Act by virtue of the proviso to Section 4.

Appellants also urge that the Act of 1939, by virtue of its title,[4] is an unconstitutional repeal of the entire Labor Anti-Injunction Act, or at least of Sections 4,

is legally dead." I. Herman Stern, Two Decades of Pennsylvania Law on Picketing in Industrial Disputes (1933-1954), 28 Temp. L.Q. 50, 63 (1954). (Footnote omitted.)

If this statement be correct, the passage of additional five legislative sessions has buried the dissenting argument even deeper.

4 "An Act To amend section four of the act, approved the second day of June, one thousand nine hundred and thirty-seven. . . ."

6, 9 and 12, contrary to Article III, §3 of the Constitution of Pennsylvania.[5]

This argument is rebutted by a mere examination of the Act. Section 4, as originally drafted, deprived our courts of jurisdiction to grant injunctions in labor disputes except as provided elsewhere in the Act. The proper and logical section for amendment to create exceptions to that limitation of jurisdiction is Section 4. The balance of the Act remains in full effect in those situations covered by the jurisdictional section. It is certainly incorrect to conclude that the Act has been repealed in its entirety. There still remains a vast area of labor problems subject to its application. See *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union*, supra.

Appellants apparently fear that skillful drafting is presently all that is needed for a labor dispute to be brought within the proviso and to justify the issuance of a preliminary injunction without hearing. This would seem to be an attack on the power of courts of equity generally to grant ex parte preliminary injunctions under any given set of facts. To the contrary, courts remain bound by the rules of equity, including the requirement that a hearing be held shortly after the issuance of an ex parte preliminary injunction, and do not lightly grant such relief. Moreover, if the injunction is granted, it restrains only the illegal conduct complained of and which brings the dispute within the proviso to Section 4 (as was done in the instant case).[6]

---

[5] "No bill, except general appropriation bills, shall be passed containing more than one subject, *which shall be clearly expressed in its title*." (Emphasis supplied by appellants.)

[6] In addition, many courts of the Commonwealth, as a matter of local practice, in the absence of compelling necessity for instantaneous relief, generally grant a rule to show cause returnable forthwith and hold a hearing or conference of counsel thereon within a very few hours.

We find no reason to overrule *Carnegie-Illinois Steel Corp. v. United Steelworkers,* supra.

The remaining issue goes to the sufficiency of the allegations of the complaint to sustain the granting of the preliminary injunction. In considering this issue, we look only to see if there existed any apparently reasonable basis for the result below; we shall not pass on the merits or on the reasons for or against the preliminary relief granted. *Phila. Minit-Man Car Wash Corp. v. Building and Construction Trades Council,* 411 Pa. 585, 192 A. 2d 378 (1963).

Our examination of the complaint[7] and of the supporting affidavits[8] reveals a reasonable basis for the court below to conclude preliminarily that appellants were engaged in illegal mass picketing. The preliminary injunction was properly issued initially and was properly continued after hearing. See *Phila. Minit-Man Car Wash Corp. v. Building and Construction Trades Council,* supra, and the cases discussed therein.

Decree affirmed. Each party to pay own costs.

Mr. Justice COHEN and Mr. Justice EAGEN dissent.

---

[7] Particularly the portion quoted earlier in this opinion.

[8] Included were the affidavits of such disinterested persons as the acting supervisor of the township police, executives of two motor carriers, a police officer in the employ of the Reading Railroad, and a trainmaster of the railroad.