262 Pa. Superior Ct. 315 (1978)
396 A.2d 772
WESTINGHOUSE ELECTRIC CORP., Appellant,
v.
INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO-CLC, Robert Nellis, Chairman, IUE-Westinghouse Conference Board, Int'l Union of Electrical, Radio and Machine Workers, Local No. 601, Walter J. Cummings, President, IUE Local 601, Peter J. Holleran, Vice-Pres. IUE, Local 601, William R. Moorhead, Business Agent, IUE Local 601, Michael Mezick, Recording Secretary, IUE Local 601, William D. Shepherd, Chief Steward, IUE Local 601, Joseph Ivok, Financial Secretary, IUE Local 601, Nick Rohac, Shop Steward, John F. Laudadio, Shop Steward, James LaCaria, Shop Steward and Hugh B. Logan, III, Individually and as Trustees thereof, Appellees.
Superior Court of Pennsylvania.
Argued October 26, 1978.
Decided December 29, 1978.
*316 Peter D. Post, Pittsburgh, for appellant.
Lawrence W. Kaplan, Pittsburgh, for appellees, Bricker, Scarpone and Marton.
Before JACOBS, President Judge, and HESTER and LIPEZ, JJ.
*317 LIPEZ, Judge:
This case comes before us on appeal from the trial court's award of attorneys' fees to appellees, defendants below, purportedly under the authority of the Pennsylvania Labor Anti-Injunction Act of 1937, 43 P.S. §§ 206a-206r (1964) (the "Act"). Since it is our conclusion that no part of this statute is applicable to the instant action, we reverse both the award of fees incurred in defending the suit originally brought by appellants and the award of fees incurred in obtaining that award.
On July 12, 1976, members of Local 601 of the International Union of Electrical, Radio and Machine Workers (Local 601) employed by appellant Westinghouse at its facilities in Allegheny County, Pennsylvania, began picketing those facilities. The pickets massed at all of the gates, and prevented all persons, whether Union members or not, from entering or, for a time, leaving the plant. On July 14, 1976, Westinghouse filed a complaint in the Court of Common Pleas of Allegheny County seeking a preliminary injunction against the blocking of access to its plants. Since the picketing was at that time not authorized by International Union officials, the complaint was drawn against three named individuals, Bricker, Marton and Scarpone (all of whom were members of Local 601), as well as the Local 601, and the officers of Local 601. The complaint and notice of hearing were served upon Bricker and Marton at the picket lines prior to the hearing, which took place on July 14. Bricker and Marton did not appear, nor were they represented by counsel at the hearing. The trial court issued an order enjoining Bricker and Marton, and all persons acting in concert with them, from preventing or interfering with ingress to or egress from Westinghouse's Allegheny County facilities, and limiting the number of pickets. The court found no evidence at that time which would have warranted action against the International, the Local, or the officers of the Local, and therefore denied relief against those parties. Mass picketing continued on July 15 and 16, in violation of the court's Order of July 14. The court granted a Writ of *318 Assistance on July 16, ordering the Sheriff of Allegheny County to enforce the July 14 Order at certain plant gates at certain times. On July 17, 1976, the International terminated the national collective bargaining agreement with Westinghouse, thereby explicitly authorizing the strike. On July 20, 1976, the Union entered into a consent decree enjoining mass picketing at Westinghouse's Allegheny County plants. As part of this decree, Bricker, Marton and Scarpone were deleted from the complaint as named individual defendants. They continued to be subject to the Order of the hearing court, however, because the July 20th decree enjoined, inter alia, all members of Local 601 into which classification Bricker, Marton and Scarpone obviously fall. Bricker, Marton and Scarpone moved for costs and counsel fees under Section 17 of the Act, 43 P.S. § 206q.[1] The trial court agreed with their contention that injunctive relief had been denied as to them, and that the Act therefore required an award of costs and fees. Appellees requested, and the lower court awarded, not only fees related to the original injunction proceeding, but also fees and expenses involved in litigating the petition to collect attorneys' fees.
Section 4 of the Labor Anti-Injunction Act provides that "this act shall not apply in any case . . . [w]here in the course of a labor dispute . . . employes. . . seize . . . the plant . . . of the employer. . . ." 43 P.S. § 206d. It has been held that mass picketing which denies access to a plant constitutes a plant seizure. Link Belt Co. v. Local 118, 415 Pa. 122, 202 A.2d 314 (1964); Westinghouse v. United Elec., Radio & Mach. Workers, 383 Pa. 297, 118 A.2d 180 (1955); Carnegie-Illinois Steel Corp. v. United Steelworkers, 353 Pa. 420, 45 A.2d 857 (1946); cf. Wilkes-Barre Indpt. Co. v. Local 120, 455 Pa. 287, 314 A.2d 251 (1974). Where application of the Act is prevented by Section 4 thereof, the courts exercise traditional *319 equitable powers. Phila. Minit Man Car Wash Corp. v. Bldg. Trades Council, 411 Pa. 585, 192 A.2d 378 (1963). Courts have no power, absent express statutory authority, to award attorneys' fees to a successful litigant. Alyeska Pipeline Svce. Co. v. Wilderness Soc'y., 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Chatham Communications, Inc. v. Gen'l Press Corp., 463 Pa. 292, 344 A.2d 837 (1975). In particular, courts have no authority to award attorneys' fees when the Labor Anti-Injunction Act is made inapplicable because there has been a plant seizure. Wilkes-Barre Indpt. Co. v. Local 120, supra.
In the instant case, the evidence clearly and completely supports the finding of the court below that there was a plant seizure. Large numbers of pickets massed at every gate leading to Westinghouse's plants and prevented, by physical violence or express and implied threat thereof, entrance to the facilities by all persons who attempted to enter. There can be no doubt that this action constituted a plant seizure. See Wilkes-Barre Indpt. Co. v. Local 120, supra; Fountain Hill Underwear Mills v. Amalg. Clothing Workers' Union, 393 Pa. 385, 143 A.2d 354 (1958); Westinghouse Elec. Corp. v. United Elec., Radio & Mach. Workers, 353 Pa. 446, 46 A.2d 16 (1946); Carnegie-Illinois Steel Corp. v. United Steelworkers, supra. The result in the case at bar must be controlled by Wilkes-Barre Independent. In that case, large numbers of pickets blocked two gates of the plaintiff's plant during shift changes. The lower court held itself precluded by the Labor Anti-Injunction Act from enjoining the defendant union's conduct, and awarded attorneys' fees to the defendant under purported authority of Section 17 of the Act.[2] The Supreme Court of Pennsylvania found the lower court in error and reversed the award of attorneys' fees, holding that, even though the record supported the lower court's alternative finding that an injunction was not warranted on equitable grounds, the mass picketing was a plant seizure which prevented the application of the Act in its entirety. An award of attorneys' fees was therefore improper.
*320 The lower court in the instant case attempts to distinguish Wilkes-Barre Independent on the ground that, in that case, "the court found that the party seeking an award for costs (i.e., the union) had participated in the plant seizure." This statement is clearly erroneous. The Supreme Court of Pennsylvania made no such finding and in fact did not consider in that case whether any of the defendants had participated in the plant seizure.
Since there was a plant seizure in the case before us, the Labor Anti-Injunction Act does not apply. We therefore reverse the lower court's award of attorneys' fees. In addition, because appellees are not entitled to attorneys' fees, they are not entitled to fees and expenses involved in their attempt to collect such fees, and we reverse the lower court's award of those fees as well.
In view of our conclusion that the Act does not apply to this case, we do not reach appellant's alternative contentions that appellees were not entitled to attorneys' fees because injunctive relief was not in fact denied as to them; or that, assuming arguendo that appellees were entitled to fees, the lower court erred in awarding them fees not incurred in defending the original suit.
Reversed.
NOTES
[1] Section 17 provides:

Upon denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee.
43 P.S. § 206q (1964).
[2] See text of Section 17 at note 1 supra.