303 Pa. Superior Ct. 420 (1982)
449 A.2d 1389
NESHAMINY CONSTRUCTORS, INC., Appellant,
v.
PHILADELPHIA, PENNSYLVANIA BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO and its Affiliate Unions and Patrick B. Gillespie, Business Manager: Philadelphia, Pennsylvania Building and Construction Trades Council and John Roe and Jane Roe.
Supreme Court of Pennsylvania.
Argued April 23, 1982.
Filed September 10, 1982.
*421 Walter H. Flamm, Jr., Philadelphia, for appellant.
Leonard Spear, Philadelphia, for appellees.
Before WICKERSHAM, BROSKY and WIEAND, JJ.
PER CURIAM:
In this appeal from a final decree refusing relief and dismissing a complaint in equity, appellant contends that the *422 trial court abused its discretion when it refused to enjoin conduct by pickets which prevented access to a major construction site.[1] We agree and reverse.
This is not the usual labor dispute. Neshaminy Constructors, Inc. (hereinafter "N.C.I.") has been awarded a contract by the City of Philadelphia to perform a portion of the construction work on the City's 330 million dollar, federally funded, Northeast Water Pollution Control Project. N.C.I. is a union employer. However, its employees are not represented by appellee, the Philadelphia, Pennsylvania Building and Construction Trades Council; they are represented by the United Steelworkers of America. Both unions are affiliated with the AFL-CIO. On March 22, 1982, when N.C.I.'s work on the project was scheduled to begin, pickets affiliated with appellee appeared at the entrance to the construction site which had been designated for use by N.C.I.'s employees and subcontractors. Their purpose apparently was to protest test the awarding of the contract to an employer whose employees were represented by a union other than the Building and Construction Trades Council. The activities of appellee's pickets were recorded by video-tape over the course of three days. These tapes were entered into evidence and examined by the trial judge. The tapes, together with the recorded testimony, have also been examined by the members of this Court. This evidence establishes beyond peradventure of a doubt that vehicles approaching the entrance were denied access to the site. When a vehicle approached the gate, one or more pickets engaged the driver in conversation while several others placed themselves in front of the vehicle. The latter pickets refused to move, and the vehicle was thereby denied entrance. The absence of violence, a fact noted by the trial judge, was attributable solely to the unwillingness of approaching vehicle operators to challenge physically the pickets stationed in front of their *423 vehicles. Rather than attempt to force their way into the construction site, the drivers withdrew.[2]
At the outset of the proceedings, it was stipulated by the parties, with the approval of the trial judge, that the hearing would be a final hearing and would decide whether permanent injunctive relief should be granted. The court's order, therefore, was not one which could be reconsidered if a preliminary injunction were granted or denied. On appeal from a final decree, the standard of review is not whether there were "any apparently reasonable grounds for the action of the court below", as is the case when the issuance or denial of preliminary injunctive relief is reviewed. See e.g.: Link Belt Co. v. Local Union No. 118 of American Federation of Technical Engineers, 415 Pa. 122, 129, 202 A.2d 314, 318 (1964); Philadelphia Minit-Man Car Wash Corp. v. Building and Construction Trades Council of Philadelphia and Vicinity, 411 Pa. 585, 589, 192 A.2d 378, 380 (1963); Mead Johnson & Co. v. Martin Wholesale Distributors, Inc., 408 Pa. 12, 19, 182 A.2d 741, 745 (1962). On the contrary, the test is whether the trial court, in entering a final decree, abused its discretion or committed an error of law. Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers of America (CIO) Local 601 et al., 353 Pa. 446, 449, 46 A.2d 16, 18 (1946) (Lower court denied injunctive relief and dismissed complaint). See also: Sack v. Feinman, 489 Pa. 152, 165-66, 413 A.2d 1059, 1066 (1980); Felmlee et al. v. Lockett, 466 Pa. 1, 7, 351 A.2d 273, 276 (1976); Krosnar v. Schmidt Krosnar McNaughton Garrett Co., 282 Pa.Super. 526, 534, 423 A.2d 370, 374 (1980).
Applying an abuse of discretion standard to the facts of the case, we are constrained to conclude that the trial court's refusal to enter an order guaranteeing unimpeded access to the project constituted an abuse of discretion. Significantly, our determination does not require that we re-evaluate the credibility of the witnesses' testimony, a *424 matter best left to the trial court. The oral testimony is confirmed in this case by video-tape evidence which clearly illustrates the blocking of access to the construction site by appellee's pickets.
The right to picket has been constitutionally guaranteed, and courts should be unyielding in their determination to protect and preserve that right. It is the voice by which working men and women assert their grievances and their rights. They should not be restricted or restrained, either directly or indirectly, from making their voices heard. However, "[f]orcibly to deny an owner of property or his agents and employees access to that property . . . is in practical and legal effect a seizure or holding of that property." Carnegie-Illinois Steel Corp. v. United Steelworkers of America et al., 353 Pa. 420, 429, 45 A.2d 857, 861 (1946). Whether accompanied by violence or not, picketing which denies access to an employer's plant or property constitutes a seizure thereof and cannot be permitted. Wilkes-Barre Independent Co. v. Newspaper Guild, Local 120 et al., 455 Pa. 287, 290, 314 A.2d 251, 253 (1974); Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers of America, 383 Pa. 297, 300, 118 A.2d 180, 181 (1955). "[P]icketing to the extent to which it is designed to seize and in effect does seize and hold the employer's plant . . . does not fall within either constitutional, statutory, common law or equitable protection." Id., quoting from Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers of America (CIO) Local 601, supra 353 Pa. at 457, 46 A.2d at 21.
It is of no significance that pickets impede ingress and egress at only one of several entrances to the premises. "[T]he holding of even one gateway to a plant [may] constitute[] a seizure. . . ." Wilkes-Barre Independent Co. v. Newspaper Guild, Local 120 et al., supra 455 Pa. at 290, 314 A.2d at 253, citing Carnegie-Illinois Steel Corp. v. United Steelworkers of America, supra 353 Pa. at 430, 45 A.2d at 861. Neither is it necessary that those seeking entrance test the pickets or attempt to force their way through the pickets who are blocking the entrance and thereby risk violence and *425 bloodshed. See: Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers of America, supra. Similarly, it is not controlling that some who approach an entrance are more interested in obtaining an injunction than in gaining entrance. See: Westinghouse Electric Corp. v. United Electrical, Radio & Machine Workers of America, Local 107, supra 383 Pa. at 301-02, 118 A.2d at 182. Pickets are not entitled to select or choose the persons whom they will allow to enter the construction site; they are not entitled to impair physically, by force or threats of force, free access to the construction site by any authorized person.
Although we remand for the entry of an appropriate order, we are mindful that "orders affecting First Amendment rights `must be tailored as precisely as possible to the exact needs of the case.'" Altemose Construction Co. v. Building and Construction Trades Council of Philadelphia and Vicinity et al., 449 Pa. 194, 222, 296 A.2d 504, 506 (1972) (Opinion in Support of Modification of Decree With Rejection of All Distance Restrictions and Reversal of Contempt Judgments by Roberts, J.), cert. denied, 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973), quoting from Carroll et al. v. President and Commissioners of Princess Anne et al., 393 U.S. 175, 184, 89 S.Ct. 347, 353, 21 L.Ed.2d 325, 333 (1968). The exact need in this case is to prevent further blockage of access to N.C.I.'s entrance to the construction site. In order to preserve this access it is not necessary that picketing be enjoined or that the number of pickets be restricted. Except for blocking the entrance, the picketing members of the Building and Construction Trades Council have exhibited exemplary behavior, and there is no need otherwise to regulate their picketing activities. It is essential only that free access to the construction site be preserved.
Reversed and remanded for the issuance of a decree enjoining and restraining the appellee union, its officers, agents, representatives and members from preventing or attempting to prevent, by physical obstruction, violence or threat of violence, any person or persons from entering or leaving the construction site by vehicle or on foot.
NOTES
[1] Despite the failure to file exceptions in the trial court, this appeal is proper. Pa.R.App.P. 311(a)(4) permits an appeal to be filed as of right from an order granting or refusing an injunction. See: Agra Enterprises, Inc. v. Brunozzi, 302 Pa.Super. 166, 448 A.2d 579 (1982). See also: 42 Pa.C.S. § 5105(c).
[2] Although uniformed and plain clothed police were present at the scene, they made no effort to assist N.C.I.'s empoyees to enter the construction site.