# United Mine Workers of America v. Gilberton Coal Co.

*A. Randall Vehar, Stuart W. Davidson* and *Jonathan K. Walters,* for plaintiff.

*Howard A. Rosenthal* and *John W. Pelino* , for defendants.

KREHEL, *P.J.,* April 24, 1985—Before the court are plaintiff's motion for reconsideration of this court's order of March 19, 1985, dismissing plaintiff's complaint and defendants' petition for attorney's fees.

Since June 1, 1984, plaintiff has been engaged in a strike against defendant companies. On March 12, 1985 plaintiff filed a complaint in equity, seeking injunctive relief against defendants. Plaintiff alleged that in late February 1985 and early March 1985 defendants had interfered with plaintiff's right to lawfully and peacefully picket defendants' Locust Summit Fine Coal Plant, located in Locust Summit, Northumberland County. Plaintiff alleged that persons connected to defendant companies had damaged a wooden structure utilized by picketers. Plaintiff averred that these activities of defendants had placed the picketers "in fear of their lives and

property," and alleged that irreparable injury would result if the requested injunction was not issued.

On March 19, 1985, defendants filed preliminary objections to plaintiff's complaint, contending the following:

(1) Venue is improper,

(2) Plaintiff fails to state a cause of action upon which relief can be granted,

(3) There is an adequate remedy at law, and

(4) There is a previously issued injunction in Schuylkill County covering the issues raised in the complaint.

On March 19, 1985, this court granted defendants' preliminary objections and dismissed plaintiff's complaint. On April 2, 1985, plaintiff filed its motion for reconsideration. Defendants responded to this motion and filed their petition for attorney's fees, alleging that the filing of the reconsideration motion constituted "arbitrary, obdurate and vexatious conduct." This court will first address the motion for reconsideration.

This court's March 19, 1985 order was based on the existence of an injunction issued in Schuylkill County. On August 22, 1984, the Hon. Wilbur H. Rubright issued a preliminary injunction in the matter of Gilberton Coal Company et al. v. United Mine Workers of America (UMWA) International et al., Schuylkill County, civil action no. S-1109-1984. A copy of this injunction was filed in this county to Northumberland County, Civil Division, no. CV-84-1277. This injunction pertains to locations in Northumberland, as well as Schuylkill, County, and restrains the activities of the union and the companies.

The primary basis for plaintiff's motion for reconsideration is that the August 22, 1984 injunction automatically expired after six months. Therefore,

the union is no longer protected by the Schuylkill County court, and it is proper for this court to grant the union the relief it seeks. Defendants contend that the August 22, 1984 injunction is still in effect.

The Labor Anti-Injunction Act of June 2, 1937, P.L. 1198, as amended 43 P.S. §206a et seq., limits the jurisdiction of the courts over certain labor disputes. Section 16 of that act, 43 P.S. §206p, provides that injunctions issued in labor disputes shall expire after 180 days.

However, section 4(d) of the act states:

"[T]his act shall not apply in any case —

• • •

"(d) Where in the course of a labor dispute as herein defined, an employee, or employees acting in concert, or a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining." Act of June 2, 1937, P.L. 1198, §4, as amended by Act of June 9, 1939, P.L. 302, §1; 43 P.S. §206d(d). It is clear that where the Labor Anti-Injunction Act does not apply due to section 4(d), the courts exercise traditional equitable powers. Philadelphia Minit-Man Car Wash Corporation v. Building and Construction Trades Council of Philadelphia and Vicinity, 411 Pa. 585, 192 A.2d 378 (1963):

"The Supreme Court of the United States . . . has repeatedly held that *state courts have the power, the right and the duty to restrain violence, mass picketing and overt threats of violence,* and to preserve and protect public order and safety and to prevent property damage. . . ." (Emphasis in original.) City Line Open Hearth, Inc. v. Hotel, Motel & Club

Employees' Union, 413 Pa. 420, 431, 197 A.2d 614, 620-21 (1964).

In Westinghouse Electric Corporation v. United Electrical, Radio & Machine Workers of America (CIO) Local 601 et al., 353 Pa. 446, 46 A.2d 16 (1946), Chief Justice Maxey, in a concurring opinion, forcefully stated the legal principle applicable to this type of case:

"There never was a time in the history of American jurisprudence when the right of a court of equity to issue an injunction to protect a citizen's property from imminent irreparable injury was not recognized by the courts and sustained by public opinion. No political party (except the Communist party) has in its platform ever challenged such a right. The protection of a citizen in the free enjoyment of his life, his liberty and his property was guaranteed by the 29th chapter of Magna Carta and is a principle of protection embodied in the federal constitution and in the constitutions of every one of the . . . states of the Federal Union." 353 Pa. at 458, 46 A.2d at 21-22.

Thus, the August 22, 1984 injunction is to be judged by traditional principles of equity if issued in a case excepted from the Labor Anti-Injunction Act. A review of cases interpreting section 4(d) of that act is instructive.

Mass picketing which denies access to a plant constitutes a "seizure" of that plant under section 4(d) of the Labor Anti-Injunction Act. Link Belt Company v. Local Union No. 118 of American Federation of Technical Engineers, 415 Pa. 122, 202 A.2d 314 (1964); Westinghouse Electric Corporation v. United Electrical, Radio and Machine Workers of America, 383 Pa. 297, 118 A.2d 180 (1955); Wortex Mills Inc. v. Textile Workers Union of America, 380 Pa. 3, 109 A.2d 815 (1954); Carnegie-

Illinois Steel Corp. v. United Steelworkers of America et al., 353 Pa. 420, 45 A.2d 857 (1946).

In Westinghouse Electric Corp. v. International Union of Electrical, Radio and Machine Workers, AFL-CIO-CLC, 262 Pa. Super. 315, 396 A.2d 772 (1978), the court held that there was a plant seizure when large numbers of picketers massed at the gates to Westinghouse's plants and prevented, by physical violence and threats, entrance to the facilities. See also Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union of America, 393 Pa. 385, 143 A.2d 354 (1958).

In Wilkes-Barre Independent Company v. Newspaper Guild, Local 120 et al., 455 Pa. 287, 314 A.2d 251 (1974), the court held that the lower court erred when it determined that it was precluded by the Labor Anti-Injunction Act from enjoining sporadic mass picketing.

"If the owner be deprived of the use and enjoyment of the property so that it becomes utterly valueless to him it is effectively seized and held whether the force employed for that purpose be exerted within the building or immediately without. The control of the entrances is the control of the plant." Westinghouse Electric Corp. v. United Electrical, Radio and Machine Workers of America (CIO) Local 601 et al., 353 Pa. 446, 455, 46 A.2d 16, 20 (1946).

In Altemose Construction Company v. Building and Construction Trades Council of Philadelphia and Vicinity et al., 449 Pa. 194, 296 A.2d 504 (1972), over 1,000 persons staged "a virtual military assault" on a site where Altemose was constructing a hotel and office building, causing $300,000 damage. The Supreme Court unanimously held that the courts had the power to protect the public order and

safety by regulating picketing and banning violence, and that this power was not limited by the Labor Anti-Injunction Act, the Taft-Hartley Labor-Management Relations Act of the First Amendment to the federal constitution.

In Capital Bakers, Inc. v. Local Union No. 464 of the Bakery and Confectionary Workers International Union (AFL-CIO) of America, 281 Pa. Super. 384, 422 A.2d 521 (1980), the court held that the activities of the strikers in spreading nails on plant access roads, throwing rocks at vehicles, threats and breaking of windows, brought the case within the exception contained in section 4(d) of the Labor Anti-Injunction Act.

In the recent case of Schnabel Associates Inc. v. Building and Construction Trades Council of Philadelphia and Vicinity, AFL-CIO, 338 Pa. Super. 376, 487 A.2d 1327 (1985), the court held that an injunction restraining strikers from obstructing the entrances to a construction site and limiting the number of picketers was not limited by the Labor Anti-Injunction Act due to the section 4(d) exception.

In Pace Arrow of Pennsylvania Inc. v. Eastern Pennsylvania Industrial District Council of the United Brotherhood of Carpenters and Joiners of America, 46 Northumberland Leg. J. 146 (1974), this court held that even though there was no actual violence, the fact that the picketers blocked the plant entrance constituted a "seizure." Therefore, pursuant to section 4(d), the Labor Anti-Injunction Act was inapplicable.

In Westinghouse Electric Corp. v. Local 617, International Union of Electrical, Radio and Machine Workers, 7 D.&C.2d 327 (1955), the union contended that the original temporary injunction had expired under the provisions of section 16 of the La-

bor Anti-Injunction Act. 43 P.S. §206p. The court, rejected this contention and stated that when an injunction is issued in a labor dispute case which, due to the application of section 4(d), does not fall under the Labor Anti-Injunction Act, "the court may then exercise all traditional, equitable powers." 7 D.&C. 2d at 345.

It is clear that the Labor Anti-Injunction Act is not applicable to the August 22, 1984 injunction issued in Schuylkill County. That injunction was issued to prevent mass picketing, threats and violence, to prevent blocking of plant gates and to prevent interference with vehicles entering or departing from the companies' facilities. This is clearly the type of injunction contemplated by section 4(d) of the Labor Anti-Injunction Act. Therefore, the 180-day limitation does not apply.

The August 22, 1984 injunction also contains provisions enjoining the companies from making threats or interfering with picketing. It is clear that, merely because the injunction contains provisions restraining the companies, this is not an indication that the injunction was issued pursuant to the Labor Anti-Injunction Act. In addition, Judge Rubright did not include the requisite language of section 14 of the act, 43 P.S. §206n, as he would have been required to do if he issued this injunction pursuant to the Labor Anti-Injunction Act.

Plaintiff also contends that the August 22, 1984 injunction is not applicable to locations in Northumberland County, because plaintiff has explicitly preserved its right to object to the jurisdiction of the Schuylkill County court over locations in other counties. Plaintiff may have reserved that right on August 22, 1984, but apparently the right has never been exercised.

Assuming, arguendo, that this court is the proper forum to raise this issue (in light of the fact that plaintiff's consented to the entry of the August 22, 1984 injunction in Schuylkill County, this court has some doubt whether it is the proper forum), it is clear that the Schuylkill County court has jurisdiction over the Locust Summit plant in Northumberland County.

It is a long-standing principle in this Commonwealth and elsewhere that when, as in the present case, a court of equity is acting in personam, it is not restricted by boundary lines on a map, and it may enter decrees on the parties even though the situs of the subject matter is beyond the geographical jurisdiction of the court. Schmaltz v. York Manufacturing Company, 204 Pa. 1 (1902); Clad et al. v. Paist, 181 Pa. 148 (1897); Chadwin v. Krouse, 254 Pa. Super. 445, 386 A.2d 33 (1978); Cohn v. Weiss et ux., 356 Pa. 78, 51 A.2d 740 (1947).

This result is consistent with the principles of judicial economy and the avoidance of duplicative actions and wasted resources.

Therefore, the August 22, 1984 injunction remains in full force and effect, and that injunction covers locations in Northumberland County. Since that injunction covers the same issues raised in the complaint in this matter, defendants' preliminary objections were properly granted. Plaintiff is advised that if it believes that defendants have interfered with the right of the union to lawfully and peacefully picket, it should bring an action in Schuylkill County for a violation of the August 22, 1984 injunction.

Because of this court's disposition of this matter, the court will not address the other issues raised in defendant's preliminary objections.

Next, this court addresses defendants' petition for attorney's fees. Defendants' petition is based on 42 Pa.C.S. §2503, which provides, in pertinent part, that attorney's fees may be awarded where a party engages in "dilatory, obdurate or vexatious conduct," 42 Pa.C.S. §2503(7), or where a party's actions in commencing a matter are "arbitrary, vexatious or in bad faith." 42 Pa.C.S. §2503(9).

Such fees have been awarded where the taxed party asserted "colorable legal claims" which it knew were "factually frivolous." Brenckle v. Arblaster, 320 Pa. Super. 87, 95, 466 A.2d 1075, 1078-79 (1983). See also, In re Roos' Estate, 305 Pa. Super. 86, 451 A.2d 255 (1982).

However, in the present case, the fact that plaintiff's motion for reconsideration is found to be without merit does not mean that it was filed in bad faith. This court has the inherent power to reconsider its own rulings. Commonwealth v. Cole, 437 Pa. 288, 263 A.2d 339 (1970). This power also has a statutory basis. 42 Pa.C.S. §5505. The reconsideration procedure promotes judicial economy by giving a court an opportunity to correct its own erroneous rulings. Commonwealth v. Demby, 496 Pa. 509, 437 A.2d 1156 (1981). Plaintiff believes that this court's March 19, 1985 order was improper and has resorted to this reconsideration procedure.

While counsel for plaintiff is obviously misinformed as to the applicability of the Pennsylvania Labor Anti-Injunction Act, this court does not find that plaintiff's conduct rises, or rather, descends, to the level of arbitrary, obdurate and vexatious conduct subject to taxation of attorney's fees under 42 Pa.C.S. §2503.

This court does *not* decide that in all cases involving a motion for reconsideration, petitioner is not subject to taxation of attorney's fees. Rather, it de-

cides that under the facts of *this particular case*, attorney's fees will not be awarded.

Accordingly, this court enters the following

## ORDER

And now, this April 24, 1985, for the reasons stated in the above opinion, plaintiff's motion for reconsideration is denied, and defendants' petition for attorney's fees is denied.