495 A.2d 579

## SOLVENT MACHINERY AND FILTER SYSTEMS, INC., Appellee,

v.

**TEAMSTERS LOCAL NO. 115 Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an Unincorporated Association on Behalf of Itself and All Its Members and John P. Morris, Individually and as Secretary-Treasurer of Teamsters Local No. 115 and James Oliver, Individually and as Organizing Representative of Teamsters Local 115 and Thomas LaHart and Eric Buxbaum and John Doe and Jane Doe, Pickets, Appellants.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1985.

Filed June 28, 1985.

506

Norton H. Brainard, III, Philadelphia, for appellants.

Before SPAETH, President Judge, and DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County which issued a preliminary injunction on October 14, 1982 against Teamsters Local 115, and certain named union officials and defendant pickets unnamed in the order. The president and owner of Solvent

Machinery and Filter Systems, Inc., Appellee, had announced on October 11, 1982 that the plant had been sold and would be closed immediately for the purpose of taking inventory. The following day, on October 12, 1982, a picket line was established by Appellants to protest the termination of their employment. The employer then sought an injunction in the Court of Common Pleas by filing a Complaint in Equity. On October 14, 1982, a hearing was held at which witnesses for both sides testified. The court issued an injunction from which order this appeal was taken. Appellants seek reversal of the order, and they seek damages for the losses incurred, legal costs and reasonable counsel fees, arguing that the trial court lacked the authority to issue the injunction under the Labor Anti-Injunction Act, 43 Pa.C.S.A. § 206a *et seq.*

The trial court found that the Labor Anti-Injunction Act did not apply under the circumstances of this case, citing § 206d(d) which provides that the Act does not apply in cases:

> [w]here in the course of a labor dispute as herein defined, an employee, or employees acting in concert, or a labor organization, or the members, officers, agents or representatives of a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining.

43 Pa.C.S.A. § 206d(d).

Upon review of the record, we find that the trial court's application of the law to the facts in this case is erroneous. The section of the statute quoted above requires that employees or their organization seize, hold, damage or destroy property *with the intention of compelling the employer to accede to their demands* [emphasis added]. In this case, there was no evidence that property

was seized.[1] There was minimal evidence of property damage presented at the hearing, and no evidence that the defendants perpetrated the property damage. There was absolutely no evidence presented by either side which linked the property damage to an intention to compel the Appellee to do anything—in fact, the record does not reveal precisely what the Appellants' demands were. We find therefore that this case is governed by the Labor Anti-Injunction Act.

We turn then to § 206i of the Act which sets forth the conditions under which an injunction may be issued. This section provides that an injunction may only be issued when the court finds:

(a) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no temporary or permanent injunction or temporary restraining order shall be issued on account of any threat or unlawful act, excepting against the person or persons, association or organization, making the threat or committing the unlawful act, or actually authorizing or ratifying the same after actual knowledge thereof.

(b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted.

(c) That, as to each item of relief granted, greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by granting of relief.

(d) That no item of relief granted is relief which is prohibited under section six of this act.

(e) That complainant has no adequate remedy at law; and

---

1. We disagree with the Dissent's interpretation of testimony that some truck drivers refused to cross the picket line as evidence of "seizure". To establish a picket line and to encourage the public to honor it is a lawful exercise of first amendment rights. We note that the employer and his staff took inventory on October 12 and 13, and were free to enter and leave the plant at will.

(f) That the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection.

43 Pa.C.S.A. § 206i.

■ There was no evidence offered at the hearing that the public officers were unable to furnish adequate protection. Evidence was offered that the police were called and that they made a brief appearance on the scene. No testimony was offered to support the proposition that there were events taking place that were of such a magnitude that the local police could not handle the situation. No arrests were made. No patrol of the premises was established. We find therefore that the trial court lacked the statutory basis to issue the preliminary injunction.

Because we find that the court erred in issuing the injunction, we do not reach the Appellants' arguments that the trial court's order was unconstitutionally broad.

The statute provides that upon the denial of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee. 43 Pa.C.S.A. § 206q. We reverse the order of the trial court and remand for proceedings consistent with the statute and this opinion.

Order reversed.

Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

The trial court, in my view, was correct in holding the Pennsylvania Labor Anti-Injunction Act, 43 Pa.C.S. § 206a *et seq.* inapplicable to this case. The majority's conclusion that "there was no evidence that property was seized," at 580 is not supported by the record.

The Pennsylvania Labor Anti-Injunction Act limits the jurisdiction of state courts over labor disputes. A court

may issue an injunction in a labor dispute only upon "strict compliance" with the statute. 43 Pa.C.S. § 206d. *See id.* § 206i (detailed bill of particulars to be filed; trial court to make specific findings of fact before injunction may be issued). The statute does not apply in certain circumstances, which are set forth in Section 206d. Here, the initial issue is whether the statute applies, for if it does not, compliance with the pleading and procedural requirements was not necessary. Only if the statute does apply, as appellant argues and the majority holds, or stated differently, only if Section 206d does not apply, need we inquire whether, for example, the trial court's order was accompanied by findings of fact. *See Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union of America,* 393 Pa. 385, 143 A.2d 354 (1958) (if labor dispute falls within exclusion of Section 206d, compliance with procedural requirements of pleading and proof not prerequisite to issuance of injunction). *Compare DeWilde v. Scranton Building Trades and Construction Council,* 343 Pa. 224, 22 A.2d 897 (1941) (if exception contained in Section 206d does not apply, compliance with statute is required).

In issuing the preliminary injunction here, the trial court relied on 43 Pa.C.S. § 206d(d), which provides:

[T]his act shall not apply in any case—

(d) Where in the course of a labor dispute as herein defined, an employe, or employes acting in concert, or a labor organization, or the members, officers, agents, or representatives of a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining.

The record reveals the following evidence in support of the trial court's order.

Picketing at the plant began on October 12, 1982, the day after management announced the plant closing. At the hearing on appellee's petition for a preliminary injunction,

on October 14, 1982, there was testimony that the picketing had continued throughout October 13, 1982, with between five and thirty-five pickets marching in the plant parking area and driveways, and that some but not all of the pickets had been employees of appellee. There is no dispute that representatives of the union were involved in the picketing.

On the first day of picketing, four delivery trucks were stopped, pickets talked to the drivers, and the trucks then turned away, without making their pick-ups or deliveries. One of the drivers was told that if he came in the driveway, the picketers would follow him "back to Ohio." [1] During the morning it was discovered that locks on three of the four doors to the plant had been tampered with, so that the keys would not work in the locks.

Ronald Roberts, an employee who drove appellee's tractor-trailer, testified that when he arrived at the plant with his truck on the first day of picketing, he was forced to drive up on the pavement to avoid hitting the pickets who were then blocking the driveway. When Roberts began backing up to the loading dock, a picket stopped him and asked whether he "was going to be a hero." The picket, with fist raised and shouting obscenities, followed Roberts as he left the truck and walked back to the loading dock. Someone later threatened Roberts: "Wait until you have to go home tonight." When he left the plant that afternoon, Roberts was followed by two cars, "which [he] was able to lose." Two former company employees were in one of the cars; Roberts did not recognize the occupants of the second. Roberts left the tractor-trailer at the plant overnight and upon his return the next morning its tires had been deflated. Later in the day he went to pick up a container that was to have been delivered by one of the trucks that turned away the previous day.

The question we must decide is whether this evidence showed that the union or its representatives "seize[d], h[e]ld, damage[d], or destroy[ed] the plant, equipment, ma-

1. Albert Jacobson, Executive Vice President of appellee, testified over objection as to what one of the truck drivers had told him. No further objection was made to this testimony.

chinery, or other property of the employer [appellee]...."
43 Pa.C.S. § 206d(d). In considering this question, we are
to keep in mind our standard of review:

"... on an appeal from a decree which refuses, [or]
grants ... a preliminary injunction we will look only to
see if there were any apparently reasonable grounds for
the action of the court below, and we will not further
consider the merits of the case or pass upon the reasons
for or against such action unless it is plain that no such
grounds existed or that the rules of law relied on are
palpably wrong or clearly inapplicable."

*Wilkes-Barre Independent Company v. Newspaper
Guild, Local 120,* 455 Pa. 287, 289, 314 A.2d 251, 253
(1974), *quoting Minit-Man Car Wash Corp. v. Building
and Construction Trades Council,* 411 Pa. 585, 589, 192
A.2d 378, 380 (1963).

Applying this standard here, I am satisfied that we
should not disturb the trial court's order. The fact that as
a result of the pickets' confrontations with the drivers, four
trucks turned away and did not make scheduled deliveries
or pick-ups, was sufficient evidence that the plant was
"seized" or "held" by the actions of employees or the union,
and provided "apparently reasonable grounds for the action
of the court below." Moreover, while no evidence *directly*
linked the union or employees with the broken plant locks
or the deflated tires on the company's tractor-trailer, such
evidence was not necessary; the trial court could reason-
ably infer that "machinery or other property of the employ-
er" had been "damage[d] or destroy[ed]" as a result of the
union's activities. In *Capital Bakers, Inc. v. Local Union
No. 464 of the Bakery and Confectionary Workers Inter-
national Union,* 281 Pa.Super. 384, 422 A.2d 521 (1980),
quoting the United States Supreme Court, we said:

"it is true ... of a union as of an employer that it may be
responsible for acts which it has not expressly authorized
or which might not be attributable to it on strict applica-
tion of the rules of responde[a]t superior."

*Id.,* 281 Pa.Superior Ct. at 389, 422 A.2d at 524, *quoting
Milk Wagon Drivers Union of Chicago, Local 753 v.*

*Meadowmoor Dairies,* 312 U.S. 287, 295, 61 S.Ct. 552, 556, 85 L.Ed. 836 (1941).

I recognize that in other cases in which labor injunctions have been upheld on the basis of Section 206d(d) the interference with company operations was more severe and the property damage more widespread than that which occurred here. *See, e.g., Altemose Construction Co. v. Building & Construction Trades Council of Philadelphia,* 449 Pa. 194, 296 A.2d 504 (1972), *cert. denied* 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973); *Westinghouse Electric Corp. v. International Union of Electrical, Radio and Machine Workers,* 262 Pa.Super. 315, 396 A.2d 772 (1978); *Capital Bakers, supra.* Here, however, the plant was relatively small, employing only about twenty-five persons, and the interference was sufficient to support the trial court's order; the court was not obliged to await open, as compared with threatened, violence, or further damages, for picketing that denies access to a plant is a seizure under Section 206d(d). *See Link Belt Co. v. Local Union No. 118 of American Federation of Technical Engineers,* 415 Pa. 122, 202 A.2d 314 (1964); *Westinghouse Electric Corporation v. United Electrical, Radio and Machine Workers of America,* 383 Pa. 297, 118 A.2d 180 (1955); *Carnegie-Illinois Steel Corp. v. United Steelworkers,* 353 Pa. 420, 45 A.2d 857 (1946); *Westinghouse Electric Corporation v. International Union, supra.*

In *Frankel-Warwick Ltd. v. Local 274,* 334 Pa.Super. 47, 482 A.2d 1073 (1984), we overturned a labor injunction issued on the basis of Section 206d(d). There, striking pickets were stationed outside the entrance to the Warwick Hotel in Philadelphia, making passage of guests into the hotel difficult. We stated: "Mere difficulty of passage of the hotel's guests owing to the large number of pickets absent an intent to prevent their entrance and egress cannot be termed 'seizure' of the hotel. ... While the presence of the pickets may have made travel on the sidewalk somewhat difficult, we do not perceive from the record any instance of threats, intimidation or physical restraint to constitute a seizure." *Id.,* 334 Pa.Superior Ct. at 53, 482

A.2d at 1076.[2] In contrast to *Frankel-Warwick,* here there was more than "[m]ere difficulty of passage;" several truck drivers chose not to enter the plant after discussion with the pickets, and one of them was threatened. In addition, Roberts, an employee, was threatened and followed. The trial court was entitled to regard this as sufficient evidence of "threats, intimidation or physical restraint to constitute a seizure."

Appellant's argument that the injunction issued by the trial court was unconstitutional is without merit.[3]

The order of the trial court should be affirmed.

2. It may be noted that *Frankel-Warwick* was an appeal from an order granting a permanent injunction. There, quoting *Neshaminy Contractors, Inc. v. Philadelphia Building and Construction Trades Council,* 303 Pa.Super. 420, 423, 449 A.2d 1389, 1390 (1982), we noted that while the standard of review of an order granting or denying a preliminary injunction is whether "any reasonable grounds" exist for the trial court's action, an abuse of discretion standard applies in the review of a permanent injunction. *Frankel-Warwick, supra,* 334 Pa. Super. at 48, 482 A.2d at 1074.

3. The trial court's order did not prohibit picketing. Instead, it limited the number of pickets at entrances to the plant to three pickets, restricted the area of picketing, and prohibited physical interference with or intimidation of persons entering or leaving the plant. The order further provided that "nothing contained herein shall enjoin a picket from asking persons attempting to enter plaintiff's premises not to enter because of the strike or from otherwise expressing their right to strike."