554 A.2d 519

**PHK–P, INC., d/b/a Clearview Mall Food Arena**

v.

**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 23, Appellant.**

**PPH–K, INC., d/b/a Alameda Food Arena**

v.

**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 23, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1988.

Filed Jan. 5, 1989.

Reargument Denied March 13, 1989.

Andrew J. Leger, Pittsburgh, for appellant (at 39 and 97).

Daniel W. Cooper, Pittsburgh, for appellees (at 39 and 97).

Before CAVANAUGH, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

These are consolidated appeals from orders granting preliminary injunctions enjoining appellant union from conducting rallies upon or near appellees' premises and limiting the number of informational pickets to no more than six at any one time at or on the premises of appellees' stores. Appellant contends that the lower court erroneously issued injunctions by failing to comply with the strict requirements of the Labor Anti–Injunction Act, 43 Pa.S.A. § 206a et seq., and alleges that it is entitled to its legal costs and reasonable attorney fees. For the reasons set forth below, we reverse the orders of the lower court and remand for proceedings consistent with this opinion.

Appellees are corporations that own and operate two supermarket facilities within two separate Butler County shopping complexes. Both stores exclusively employ only non-union personnel. Since September 8, 1987, the United Food and Commercial Workers Union, Local 23, has conducted informational picketing at the entrance of the stores by placing four pickets at each location. The union established the picket lines for the purpose of alerting the public to appellees' non-union policies. On December 7, 1987, the union posted and circulated a flyer advertising that rallies would be held on the premises of both markets on December 12, 1987. In response, appellees filed a complaint in equity seeking to enjoin the rallies and requesting that the court restrict the number of pickets on each line to no more than six persons. Following a hearing, the court issued an order enjoining the proposed rallies from being conducted

and limiting the number of pickets to no more than six per store. This appeal followed.

Appellant contends that because the lower court failed to follow the requirements of the Labor Anti–Injunction Act, the injunction was improvidently granted. Appellant argues that at the hearing below, appellees did not produce any evidence that would fulfill the requirements for issuance of an injunction under the Act. Appellant further alleges that because the court failed to comply with the requirements of the Act, the court lacked the statutory basis to issue the injunction. We agree.

■ The standard of review of an order denying or granting a preliminary injunction is well-established. The focus of this Court's review is to examine the record to determine if reasonable grounds existed for the court's action below. *Coatesville Development Company v. United Food Workers*, 374 Pa.Super. 330, 337, 542 A.2d 1380, 1384 (1988) (en banc). A preliminary injunction is an extraordinary remedy and in order to sustain a preliminary injunction, it must be shown that the plaintiff has established a clear right to the relief sought. *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 479, 522 A.2d 1129, 1131 (1987). "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was misapplied will we interfere with the decision of the chancellor." *Coatesville Development Company v. United Food Workers*, 374 Pa.Super. at 337, 542 A.2d at 1384 (citations omitted).

■ At the outset we note that labor picketing, when free from coercion, intimidation, and violence, has been recognized as a form of assembly and free speech, and has been afforded the protection of both the Federal, and State Constitutions. *See* U.S. Const.Amend. I, and PA. Const. art. I, § 7. *See also Frankel–Warwick Ltd. v. Local 274*, 334 Pa.Super. 47, 51, 482 A.2d 1073, 1075 (1984); *Consolidation Coal Company v. District 5, United Mine Workers of America*, 336 Pa.Super. 354, 372, 485 A.2d 1118, 1127 (1984). To establish a picket line and to encourage the public to honor and participate in it is a lawful exercise of

one's first amendment rights. *Solvent Machinery v. Teamsters Local No. 115*, 343 Pa.Super. 505, 508 n. 1, 495 A.2d 579, 580 n. 1 (1985).

█ In accordance with the foregoing principles, the Labor Anti–Injunction Act, a comprehensive body of law, was enacted by the Pennsylvania Legislature for the purpose of establishing a blanket of protection for the unorganized laborer against the chilling effects of the corporate world. 43 Pa.S.A. § 206b. In order to facilitate work environments "free from the interference, restraint or coercion of employers of labor", the legislature placed limitations on the jurisdiction of the courts to grant injunctive relief in matters involving labor disputes. 43 Pa.S.A. § 206a; *See also Locust Club v. Hotel & Club Employees' Union*, 397 Pa. 357, 360, 155 A.2d 27, 29 (1959). Section 206d of the Act provides in relevant part:

No court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act, except in strict conformity with the provisions of this act, *nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this act.*

43 Pa.S.A. § 206d (emphasis added). Thus, the Act is deeply rooted in principles of public policy favoring an employee's right to "exercise actual liberty of contract and to protect his [or her] freedom of labor." 43 Pa.S.A. § 206a. *See Locust Club v. Hotel & Club Employees Union*, 397 Pa. at 360, 155 A.2d at 29.

The Act is applicable to situations that concern or grow out of labor disputes between persons engaged in a single industry, trade, craft, or occupation or who have direct or indirect interests therein. 43 Pa.S.A. § 206c. With limited exceptions, the Act provides that a court is without jurisdiction to enter a preliminary injunction enjoining picketing activity growing out of a labor dispute. The exceptions under which injunctive relief may be granted are set forth

in Section 206i of the Act and provide that before issuing an injunction the court must find:

(a) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no temporary or permanent injunction or temporary restraining order shall be issued on account of any threat or unlawful act, excepting against the person or persons, association or organization, making the threat or committing the unlawful act, or actually authorizing or ratifying the same after actual knowledge thereof.

(b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted.

(c) That, as to each item of relief granted, greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by granting of relief.

(d) That no item of relief granted is relief which is prohibited under section six of this act.

(e) That complainant has no adequate remedy at law; and

(f) That the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection.

43 P.S. § 206i. *See also DeWilde v. Scranton Building Trades and Construction Council,* 343 Pa. 224, 228, 22 A.2d 897, 899–900 (1941) (absent court's compliance with Act's requirements, court is without power to enjoin picketing).

In *Solvent Machinery v. Teamsters Local No. 115,* 343 Pa.Super. 505, 495 A.2d 579 (1985), this court was presented with the issue of whether the Labor Anti–Injunction Act conferred jurisdiction upon the trial court to issue an order enjoining picketing arising from a labor dispute. *Id.,* 343 Pa.Superior Ct. at 508, 495 A.2d at 580. In *Solvent Ma-*

*chinery*, the trial court, citing § 206d(d) [1] of the Act, found that the Act was inapplicable to the case because the actions of the pickets constituted a "seizure" of the employer's property and thus, the court had jurisdiction to enjoin the picket lines. *Id.* On appeal, Judge Del Sole, writing for the majority, held that without substantial evidence to indicate that the employees seized, held, damaged, or destroyed the employer's property "with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining", 43 Pa.S.A. § 206d, the court lacked jurisdiction to enjoin the labor picketing under the Act and thus, the court could not grant injunctive relief. *Id.*, 343 Pa.Superior Ct. at 509, 495 A.2d at 580–81.

In the instant case, it is clear from our review of the record that because this matter fits within the definition of a "labor dispute", as provided by § 206c(c), between persons engaged in a single industry who have direct or indirect interests in the matter, *see id.* at (a), this case is governed by the terms and conditions of the Labor Anti–Injunction Act, *See* 43 Pa.S.A. § 206d. Thus, the decision of the lower court must be analyzed under the applicable law and considered under the appropriate standard of review. *See Coatesville Development Co. v. United Food Workers*, 374 Pa.Super. at 337, 542 A.2d at 1384.

■ In accordance with the Act, a court is without jurisdiction to enjoin picketing which involves or has grown out

---

1. **§ 206d Labor injunction to be in conformity with the act; application of the act**

No court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act.... Provided, however, that this act shall not apply in any case—

\* \* \* \* \* \*

(d) Where in the course of a labor dispute as herein defined, an employe, or employes acting in concert, or a labor organization, or the members, officers, agents, or representatives of a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining.

of a labor dispute unless the court finds that: (1) unlawful acts have been threatened or committed or will be committed, (2) the employer's property will sustain substantial and irreparable injury, (3) greater injury will be inflicted upon the employer by the denial of relief than will be inflicted upon labor by granting relief, (4) adequate police protection is unavailable, and (5) there exists no adequate remedy at law. *See* 43 Pa.S.A. § 206i(a), (b), (c), (e), (f). *See also Solvent Machinery v. Teamsters Local No. 115*, 343 Pa.Super. at 508, 495 A.2d at 580.

■ Here, the record reveals that the court failed to make the requisite findings of fact necessary to bestow jurisdiction upon it for the purpose of enjoining labor picketing. Following a hearing, the court issued the following relevant findings of facts:

5. The Court further finds that the offshoot of the request if successful could very well entail a great number of individuals congregated on private property for the purpose of protesting the activities of the owners of said property. *Whereas the Court finds that it is very proper and legal for such groups to have rallies and show their protest at any public place or any other property that they have a right to be on, the fact that this is called to a specific location being private property and would contemplate more than reasonable use of said private property or more than a reasonable type of trespass for the purposes of conveying their ideas to the management and to the public at large, the Court finds that this would be an improper allowance for the display of their wishes.*

6. The leasehold premises of the plaintiff constitutes private property, and defendant has no lawful right to invite any and all persons to enter upon the premises of the plaintiff to conduct and participate in a rally which may well go beyond the bounds of reasonable demonstration allowable on private property.

7. Plaintiff has permitted a reasonable accommodation of any right to picket by defendant by permitting picket-

ing upon its private leasehold premises by four persons engaged in such picketing activity and such accommodation of right does not require that plaintiff permit defendant to conduct a rally on its premises as threatened by defendant.

Lower Court Opinion, Findings of Fact Nos. 5–7, (emphasis added). It is evident from the court's findings of fact that appellees' property interests were the overriding concern in the court's decision to issue the injunction. The statutory requirements of the Act, however, are not satisfied by the court's attention to that one aspect of the situation. Without minimizing the importance of appellees' property interests, the court was bound to consider whether all of the requirements of the Act had been met before issuing the injunction. Here, the court did not find that appellees' property would be irreparably injured by the picketing nor did the court find that appellant had threatened or committed unlawful acts. On the contrary, the court found that appellant's request to hold an assembly was a legal and permissible exercise of its first amendment rights. *See* Lower Court Opinion, Findings of Fact No. 5.

Additionally, our review of the record reveals that appellee did not offer evidence as to either the number of people that would attend the rallies or that access to appellee's business would be hindered or affected by the rallies. N.T. December 11, 1987 at 20–21, 23–26, 50. Moreover, appellee failed to prove that adequate protection would not be able to be furnished by the local police department in accordance with the Act. *Id.* at 56. *See* 43 Pa.S.A. § 206i(f); *Solvent Machinery v. Teamsters Local No. 115*, 343 Pa.Super. at 509, 495 A.2d at 581.

In the absence of the court's findings that appellees would suffer irreparable harm, or that they would suffer greater harm than appellant and that there would be inadequate police protection, the court improperly granted injunctive relief and in so doing exceeded its jurisdiction. *See id.* *See also DeWilde v. Scranton Building Trades and Construction Council*, 343 Pa. at 228–29, 22 A.2d at 899–900.

In addition to satisfy the specific conditions of the Act, the court's decision was also contrary to the spirit of the Act and the Commonwealth's longstanding recognition of the importance of protecting labor's right to exercise free speech. See 43 Pa.S.A. § 206d. *See also Locust Club v. Hotel & Club Employees' Union,* 397 Pa. at 360, 155 A.2d at 33, 34. The purpose of the Act is to facilitate the dialogue between management and labor and not to exclude potential communicants of the labor force from assembling and having their voices heard. *See id.*

After applying the standard of review for an order granting a preliminary injunction, *see Coatesville Development Co. v. United Food Workers,* 374 Pa.Super. at 337, 542 A.2d at 1384, we conclude that no reasonable grounds exist to support the court's issuance of injunctions pursuant to the Act.

■ Appellant next contends that pursuant to § 206q of the Act, it is entitled to reasonable costs and expenses and requests that this case be remanded to the lower court for determination of attorney fees and costs.

Section 206q provides that:

Upon denial by the court of any injunctive relief sought in an action involving or growing out a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee.

Because we have concluded that the injunction was improperly granted, we must remand this case for a determination of an award of attorney fees and reasonable costs and expenses incurred by appellant in defending this suit. *See Solvent Machinery v. Teamsters Local No. 115,* 343 Pa.Super. at 509, 495 A.2d at 581.

Accordingly, because both the record and the court's findings of fact failed to establish the factual predicate under which a court may issue an injunction under Section 206i of the Labor Anti–Injunction Act, the lower court was without jurisdiction to issue the injunctions in these cases

and the orders of the lower court are reversed. *See id.* *See also DeWilde v. Scranton Building Trades and Construction Council,* 343 Pa. at 228–29, 22 A.2d at 899–900 (1941). The case is remanded for a determination of attorney fees and costs.

Orders Reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

TAMILIA, J., files a concurring statement.

CAVANAUGH, J., files a dissenting opinion.

TAMILIA, Judge, concurring statement:

Upon review of the Concurring and Dissenting Opinion by Cavanaugh, J., I continue to join Hoffman, J. Since our review on the merits determined the trial court improperly granted appellee's complaint in equity seeking to enjoin appellant's activity, we necessarily have ruled that injunctive relief should have been denied. In correcting the actions of the trial court and reversing the decree, we have, in effect, denied the injunction. I believe it would not fulfill the intent of the Labor Anti–Injunction Act to deny appellants a benefit of that Act, that is, to seek counsel fees and costs. I do not believe the dissent meets the issue by limiting section 206d of the Act to situations where the trial court denies the injunction. Here, it *should* have denied the injunction on the facts before it, and the union should not be denied a remedy because the trial court misconstrued the law. The majority Opinion properly provides the *total* relief to which appellants are entitled.

CAVANAUGH, Judge, dissenting:

Although I agree with the majority's disposition on the merits, I respectfully dissent from their determination that this case must be remanded for an assessment of attorney fees, costs and expenses.

In support of its decision to remand, the majority cites § 206q of the Labor Anti–Injunction Act as well as *Solvent Machinery v. Teamsters Local No. 115,* 343 Pa.Super. at

509, 495 A.2d at 581. However, neither of these sources requires an appellate court to remand for a determination of fees and costs following the reversal of a lower court order granting an injunction.

Section 206q provides:

Upon denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee.

This section, however, must be read in conjunction with the definitional portion of the Labor Anti–Injunction Act, § 206c, which provides in relevant part:

When used in this act and for the purposes of this act—...

(d) The term "court" includes every court of common pleas of the several counties of this Commonwealth, including the judge or judges thereof.

Reading these sections together, an assessment of fees is compulsory only when the lower court denies an injunction.

We are not presented with that situation in the case at bar. Rather, the lower court granted the injunction and we are reversing that order as a result of insufficient findings of fact. Therefore, there is no statutory mandate to remand this case for an award of fees and costs.

Additionally, there is no case law which requires a remand under these circumstances. Although the *Solvent Machinery* court decided to remand in a similar factual situation, there is no language in that opinion which compels us to follow the same course of action. That panel simply remanded "for proceedings consistent with the statute [43 Pa.S.A. § 206q] ..."

I believe that a reversal of the lower court order granting an injunction without a remand of the case for an award of fees and costs is consistent with the Labor Anti–Injunction Act. This statute only compels an assessment of fees and costs when the lower court denies the injunction.

Here, the lower court believed an injunction was proper; however, it did not make sufficient findings of fact to support its order.

Under these circumstances, I think it is improper to penalize the appellee by requiring him to pay appellant's attorney fees, expenses and costs. There is no indication that the petition for injunction was frivolous. Appellee should not be punished for bringing a claim of arguable merit before the court. As the majority concludes otherwise, I respectfully dissent from that portion of the opinion.