594 A.2d 368

INDIANA COBRA, INC., a Pennsylvania Corporation

v.

UNITED FOOD AND COMMERCIAL WORKERS LOCAL NO. 23, on Behalf of Itself and All of its Members and Employees, and Individually Carl Huber, President of Local Union No. 23 of United Food & Commercial Worker, Individually on Behalf of Local Union No. 23, and James Bono, Secretary–Treasurer of Local Union No. 23 of United Food & Commercial Workers, Individually and on Behalf of Local Union No. 23, and all of its Members and Employees Individually, Appellants.

Superior Court of Pennsylvania.

Argued Feb. 28, 1991.

Decided July 19, 1991.

Richard D. Gilardi, Pittsburgh, for appellants.

Scott Livingston, Pittsburgh, for appellee.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the order entered July 18, 1990, in the Court of Common Pleas of Indiana County which granted appellee's motion for a preliminary injunction.[1]

On appeal, appellant raises the following issues:

1. Whether the Labor Anti–Injunction Act applies in a case involving a labor dispute where peaceful informational picketing did not result in a seizure of [appellee's] property?

2. Whether the [trial] court erred in granting an injunction which limited informational picketing in a labor dispute without finding that each of the prerequisites for injunctive relief set forth in the Labor Anti–Injunction Act had been proved?

1. This appeal was filed timely on August 13, 1990.

3. Whether [appellants] are entitled to attorney's fees, costs and expenses under the Labor Anti–Injunction Act where the [trial] court improvidently granted an injunction?

Appellant's Brief at 5. For the reasons which follow, we reverse the order of the trial court.

The trial court provided the following summary of the facts:

[Appellee] is the owner and operator of a Giant Eagle supermarket located at the corner of South Seventh Street and Locust Street in the Second Ward of the Borough of Indiana, Indiana County, Pennsylvania. Giant Eagle has operated in this location for several years and within the past year or two, the size of the store has expanded. There are two entrances to the parking lot and two exits, one from Seventh Street and the other from Locust Street. There is only one entrance and one exit from the store and they are side by side. There is a partially enclosed veranda at the entrance and exit from the store which causes the space before the entrance and exit to be quite narrow. It is also not in dispute that the employees of Giant Eagle are non-union.

In June of 1990, pickets from [appellant] began appearing at the location of the supermarket apparently to pass out leaflets and to advertise that [appellee] is a non-union store.

The only testimony introduced at the hearing was that produced by [appellee]. The testimony indicated that as many as 10 or 12 pickets would show up at [appellee's] premises. They would block the exit from the store by turning their backs, thereby compelling customers to either push through them or to walk on the road (Seventh Street) which is a busy thoroughfare. There was testimony that the carryout boys had to go out on the street and those pushing carts also had to walk on the street to avoid physical confrontation with the pickets. There was testimony that on at least one occasion, a customer pushing his wife in a wheelchair was blocked in such a way

that he could not get his wife to the store nor return her to his car. There was testimony that the pickets used threatening language and gestures toward customers and employees when the pickets appeared in such numbers. Trial Court Opinion at 1–2. After hearing all of the testimony, the trial court stated that it "was of the opinion that there was danger of public disorder, irreparable harm and an attempt, through coercion and intimidation, to seize appellee's property." *Id.* at 3. The trial court stated that it did not believe that there need be bloodshed prior to granting a preliminary injunction.

The trial court then issued an order limiting the number of pickets to one at each entrance to the parking lot and one at the entrance/exit from the store. The trial court reasoned that if the purpose of the picketing is to advertise and handbill, then this number of pickets at these locations is more than adequate to confront each and every customer who enters or leaves the store or the parking lot.

■ Before examining the issues raised by appellant, we note that the scope of appellate review of the entry of preliminary injunctions is to determine whether there were any apparently reasonable grounds for the action of the trial court. *Coatesville Development Company v. United Food Workers,* 374 Pa.Super. 330, 542 A.2d 1380 (1988). "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was misapplied will we interfere with the decision of the chancellor." *PHK–P, Inc. v. United Food and Commercial Workers Union Local 23,* 381 Pa.Super. 544, 554 A.2d 519, 520 (1989).

■ As indicated previously, the first issue raised by appellant asks this court to decide whether the Labor Anti–Injunction Act applies in a case involving a labor dispute where peaceful informational picketing did not result in a seizure of appellee's property. In the present case, appellant union's picketing activities come within the meaning of a labor dispute as defined in the Pennsylvania Labor Anti–

Injunction Act. *See* 43 P.S. § 206c(a) and (c).[2] Appellee states in its brief that Section 206d of Pennsylvania's Anti–Injunction Act provides that its provisions shall not apply

> where in the course of a labor dispute as herein defined, an employe, or employes acting in concert, or labor organization, or the members, officers, agents, or representatives of a labor organization, or any one acting for such organization, *seize,* hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining.

43 Pa.S.A. § 206d(d) (emphasis supplied). Appellee contends that a seizure of its store occurred in the instant case. While we agree with appellee that an actual seizure of its property would be sufficient to take a labor dispute outside the scope of the Anti–Injunction Act, 43 P.S. § 206d(d), a review of the record and relevant case law reveals that no such seizure occurred in the instant case.

In support of their argument that no seizure occurred, appellant's cite *Frankel–Warwick Ltd. v. Local 274,* 334 Pa.Super. 47, 482 A.2d 1073 (1984). In *Frankel–Warwick,* twenty-five (25) pickets occupied the sidewalk in front of the main entrance to a hotel. The pickets were eighteen inches apart, and persons seeking to enter the hotel had to pick their way through spaces in the picket line. Some pickets were four inches from the bottom step of the hotel entrance. The pickets talked in loud voices. One hotel patron had to be escorted by a security guard through the picket line. Moreover, arriving guests had to get out of taxis in the street and not on the curb, in order to enter the hotel. This court held that the picketing of the hotel did not constitute a seizure. As stated in *Frankel–Warwick,*

> [T]he evidence established of record falls short of that amounting to a seizure or to violence which would qualify within the exception to the Labor Anti–Injunction Act.

**2.** As the parties do not dispute this, we need not explain the provisions contained within this section.

> Mere difficulty of passage ... owing to the large number of pickets absent an intent to prevent their entrance and egress cannot be termed 'seizure' of the hotel.

334 Pa.Super. at 53, 482 A.2d at 1076. A review of the record in the instant case reveals that despite the presence of the picketing-appellant's members, all of the customers who testified in the injunction hearing said they were able to go into the store, do their shopping, and leave. Notes of Testimony, July 17, 1990, at 14, 19, and 24. In addition, a store manager testified that the store's volume of business was only down two (2) percent since the inception of the picketing. *Id.*, 334 Pa.Superior Ct. at 47, 482 A.2d 1073.

Appellee urges a different interpretation of *Frankel–Warwick* and cites the following passage from that case:

> while the presence of the pickets may have made travel on the sidewalk somewhat difficult, we do not perceive from the record any instance of *threats, intimidation, or physical restraint to constitute a seizure.*

*Frankel–Warwick, supra,* 334 Pa.Superior Ct. at 53, 482 A.2d at 1076. Appellee contends that the elements missing in the *Frankel–Warwick* case are present in the instant dispute. Appellee states that the picketing was "replete with threats to customers and employees, intimidation to customers and employees, and on at least one occasion, physical restraint in the form of placing a hand on a customer." Appellee's Brief at 9. We cannot agree. There exists no evidence of record that physical interference which amounted to a seizure took place. The only evidence that could even remotely be viewed as a threat was in response to provocative language by witness John Sweeney.[3] But, there is no evidence that this incident occurred with the intention of compelling appellee to accede to appellant's demands as required by the seizure exception to the Anti–Injunction Act contained in 43 Pa.S.A.

---

3. Mr. Sweeney was not prevented from entering appellee's store. Notes of Testimony, July 17, 1990, at 14.

§ 206d(d). For the foregoing reasons, we find no support for the trial court's conclusion that there was an attempt "through coercion and intimidation, to seize appellee's property." [4]

■ We now turn to the issue of whether the trial court erred in granting an injunction which limited informational picketing in a labor dispute without finding that each of the prerequisites for injunctive relief set forth in the Labor Anti–Injunction Act had been established. As noted above, no seizure of appellee's property occurred in the instant case. As a consequence, the Labor Anti–Injunction Act applies and correspondingly constrains the jurisdiction of the trial court. As set out in *PHK–P, Inc. v. Local 23, supra,* 381 Pa.Superior Ct. at 548–549, 554 A.2d at 521:

> With limited exceptions, the Act provides that a court is without jurisdiction to enter a preliminary injunction enjoining picketing activity growing out of a labor dispute. The exceptions under which injunctive relief may be granted are set forth in Section 206i of the Act and provide that before issuing an injunction the court must find:
>
> (a) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no temporary or permanent injunction or temporary restraining order shall be issued on account of any threat or unlawful act, or actually authorizing or ratifying the same after actual knowledge thereof.
>
> (b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted.
>
> (c) That, as to each item of relief granted, greater injury will be inflicted upon complainant by the denial of relief

---

4. In support of its contention that a seizure occurred, appellee cites *Bloomsburg Mills, Inc. v. Local Union No. 667,* 78 D & C 549 (1950), and *Prudential Insurance Co. v. Local No. 33,* 42 Luzerne L.Reg. 78 (1952). Upon review of these cases, we do not find them to be persuasive in the instant matter.

than will be inflicted upon defendants by granting of relief.

(d) That no item of relief granted is relief which is prohibited under section six of this act.

(e) That complainant has no adequate remedy at law; and

(f) That the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection.

43 P.S. § 206i.

Instantly, the record reveals that the court failed to make the requisite findings under 43 P.S. § 206i(a), (b), (c), (e), and (f) which are necessary to bestow jurisdiction upon it for the purpose of enjoining labor picketing. As indicated previously, the trial court opinion merely stated in a conclusory fashion that it was "of the opinion that there was danger of public disorder, irreparable harm and an attempt, through coercion and intimidation, to seize appellee's property." Having already found that there was no seizure, even if this statement was sufficient to satisfy subsections (a) and (b) of Section 206i of the Act, no findings were made with respect to subsections (c), (e), and (f). In the absence of the trial court's findings with respect to each of these subsections, the court lacked jurisdiction to grant injunctive relief.

Moreover, the record makes clear that there exists no factual basis to support the findings required to justify enjoining appellant's informational picketing activities. For example, there is no evidence that "substantial and irreparable injury to complainant's property will follow" as required by 43 P.S. § 206i(b); nor that "greater injury will be inflicted upon [appellee] by the denial of relief than will be inflicted upon [appellant] by granting of relief" as required by 43 P.S. § 206i(c); nor that appellee has no adequate remedy at law, as required by 43 P.S. § 206i(e). Additionally, there exists no evidence sufficient to support a finding that "public officers charged with the duty to protect [ap-

pellee's] property are unable to furnish adequate protection" as required by 43 P.S. § 206i(f).

We conclude that the trial court erred by not making specific findings pursuant to subsections (a) through (f) of Section 206i of the Act.

■ The final issue which appellant raises asks this court to decide whether appellant is entitled to attorney's fees, costs, and expenses under the Labor Anti–Injunction Act where "the [trial] court improvidently granted an injunction." The Pennsylvania Labor Anti–Injunction Act provides that:

> Upon denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court *shall* order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee.

43 P.S. § 206q (emphasis added).

Having determined that the injunction was improperly granted, we must remand this case for a determination of an award of attorney fees and reasonable costs and expenses incurred by appellant in defending this suit. *See PHK–P, Inc. v. Local 23*, 381 Pa.Super. 544, 554 A.2d 519 (1989).

Order Reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.