624 A.2d 208

**GIANT EAGLE MARKETS COMPANY,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL UNION NO. 23, Carl C. Huber, Individually and as President of Local Union No. 23, Edward J. Manning, Individually and as Assistant to the President of Local Union No. 23, and James Bono, Individually and as Secretary/Treasurer of Local Union No. 23, Appellants.**

Superior Court of Pennsylvania.

Argued June 16, 1992.

Filed April 28, 1993.

Richard D. Gilardi, Pittsburgh, for appellants.

Jane Campbell Moriarty, Pittsburgh, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

HESTER, Judge.

The United Food and Commercial Workers Union, Local No. 23, and several of its officers appeal from an order of the Court of Common Pleas of Allegheny County entered during a period of labor unrest between the union and Giant Eagle Markets Company, appellee. The order limited the number of

pickets and enjoined alleged unlawful conduct of union pickets at all the retail stores in Allegheny County owned by appellee. Appellants contend that the injunction was granted improperly and that even though the strike was settled before this appeal, the issue is not moot as it is capable of repetition and a statutory claim for attorney's fees remains outstanding. Appellee, who maintains the injunction properly was granted, argues that the claim for attorney's fees is moot as there is no ongoing controversy to which it relates. Although we agree with the trial court as to the mootness of the propriety of the injunction, we nonetheless must review the injunction decision since the viable issue of the claim for attorney's fees is contingent upon that ruling.

The record reveals the following. On April 21, 1991, members of United Food and Commercial Workers Union Local No. 23 went on strike and began picketing appellee's Allegheny County stores. On April 23, 1991, appellee filed a motion seeking injunctive relief averring that union workers were engaging in mass picketing, violence, and intimidation directed against those persons seeking to do business with appellee, including those employees who wished to cross the picket line. In addition, appellee maintained that business revenues had dropped seventy percent during the forty-eight hour period since the onset of the strike. Appellee concluded that the union pickets were interfering unlawfully with the retail chain's ability to do business during the strike.

A hearing on the matter was held the same day, at which time both sides presented witnesses. Witnesses for appellee testified that at various locations, up to fifty or sixty pickets would stand shoulder to shoulder and block the entrances and exits from the stores, sometimes swarming around a customer in an attempt to prevent that person from entering. Douglas Martin, a manager of one of appellee's stores, testified that he had received customer complaints from every customer who entered his store. In addition, the company attributed various acts of violence to the union pickets. Specifically, the windshield of a pizza delivery van was hit by an unidentified object and shattered in one of the chain's parking lots, and the tires

of another delivery truck were flattened. In addition, appellee contended there were bomb threats and threatening language and gestures directed toward customers and employees. The company also claimed that rodent traps had been placed in the aisles of one of the markets. In their defense, union officials testified that the pickets had been instructed not to block entrances and exits and were told to maintain peaceful picketing. Appellants argued that they were not violating any laws and suggested that the decrease in business revenue was attributable to voluntary public support of the union position. The court concluded the hearing following testimony regarding the alleged union activities at eight of the retail chain's thirty-one Allegheny County stores.

Relief was granted by the trial court on April 24, 1991. The court, after finding that the actions of the union workers constituted a seizure [1] of the premises, issued an injunction ordering the pickets to be peaceful and lawful in nature, restricting the number of pickets at the entrances of all appellee's stores, mandating the proper spacing and location of those pickets, and enjoining appellants from preventing persons having business with appellee from entering or leaving the premises. The union appealed. On June 2, 1991, the labor dispute was settled, and the strike was ended voluntarily. On July 23, 1991, the trial court filed the following opinion: "The labor strike which precipitated the injunction appealed from has been settled, rendering the instant appeal moot." Trial court opinion, 7/22/91, at 1.

Appellants argue that the appeal is not moot as this is an issue "capable of repetition, yet evading review. . . . [and as] 43 Pa.C.S. § 206q mandates that upon denial of injunctive relief the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee." Appellants' brief at 36. They rely upon *PHK–P, Inc. v. United Food and Commercial Workers Local 23,*

---

**1.** The Labor Anti–Injunction Act, 43 Pa.S. § 206d, provides that: mass picketing which denies the employer access to a plant constitutes seizure of the plant. The control of the entrances is the control of the plant. *Westinghouse Electric Corp. v. International Union of Electric, Radio and Machine Workers,* 262 Pa.Super. 315, 396 A.2d 772 (1978).

381 Pa.Super. 544, 554 A.2d 519 (1989), for support. In *PHK–P,* the trial court granted a preliminary injunction against unions conducting rallies upon or near nonunion supermarkets by limiting the number of informational pickets. The court did this without first finding that supermarket owners would suffer irreparable harm or that they would suffer greater harm than the union and that there would be inadequate police protection. Essentially, the court failed to classify the case as a labor dispute within the confines of the Labor Anti-Injunction Act because it involved nonunion supermarket owners. Instead, the court emphasized the private property interests of the owners when it found that the picketers' right to assemble was limited to public areas. In reversing the order, we remanded to determine an appropriate award of reasonable attorneys fees and expenses incurred by the union in defending the suit. Although obviously distinguishable from the instant case wherein the underlying dispute was settled prior to the time the appeal was heard, we are guided by the precedent that if, in fact, the law was misconstrued by the trial court, a case may be remanded for a determination of reasonable attorneys fees.[2]

The standard of review of an order granting or denying a preliminary injunction is as follows.

The focus of this court's review is to examine the record to determine if reasonable grounds existed for the court's action below. *Coatesville Development Company v. United Food Workers,* 374 Pa.Super. 330, 337, 542 A.2d 1380, 1384 (1988) (en banc). A preliminary injunction is an extraordinary remedy and in order to sustain a preliminary injunction, it must be shown that the plaintiff has established a clear right to the relief sought. *Soja v. Factoryville Sportsmen's Club,* 361 Pa.Super. 473, 479, 522 A.2d 1129, 1131 (1987). "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was misapplied will we interfere with the decision of the chancellor."

---

**2.** Having drawn this conclusion, we find it unnecessary to make a determination as to appellant's claim that this is an issue capable of repetition.

*Coatesville Development Company v. United Food Workers,* 374 Pa.Super. at 337, 542 A.2d at 1384 (citations omitted). *PHK–P, Inc. v. United Food and Commercial Workers Union Local 23, supra,* 381 Pa.Super. at 547, 554 A.2d at 520.

■ Labor picketing, as long as it is not coercive, intimidating, or violent, is recognized as a protected form of assembly and free speech by both the United States and Pennsylvania Constitutions. *See* U.S. Const. amend. I, and Pa. Const. art. I, § 7. *See also Frankel–Warwick Ltd. v. Local 274, Hotel, Bartenders and Restaurant Employees Union,* 334 Pa.Super. 47, 482 A.2d 1073 (1984); *Consolidation Coal Co. v. District 5, United Mine Workers of America,* 336 Pa.Super. 354, 485 A.2d 1118 (1984). Activities aimed at encouraging the public to honor and participate in picket lines are lawful extensions of that right. *Solvent Machinery v. Teamsters Local No. 115,* 343 Pa.Super. 505, 495 A.2d 579 (1985); *PHK–P, Inc. v. United Food and Commercial Workers Union Local 23, supra.*

■ In order to preserve the delicate balance resulting from the competing interests between the union's right to assemble and the company's ability to do business and bargain with the union in a lawful way, the Pennsylvania Legislature enacted the Labor Anti–Injunction Act ("Act"), 43 Pa.S. §§ 206a–206r. The Act applies to all situations arising from labor disputes and establishes strict guidelines limiting the court's jurisdiction over such matters. The court is generally without jurisdiction to grant injunctive relief in a labor dispute. Section 206i of the Act provides exceptions under which injunctive relief may be granted. The court must find all of the following before issuing an injunction.

(a) That unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained, but no temporary or permanent injunction or temporary restraining order shall be issued on account of any threat or unlawful act, excepting against the person or persons, association or organization, making the threat or committing

the unlawful act, or actually authorizing or ratifying the same after actual knowledge thereof.

(b) That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted.

(c) That, as to each item of relief granted, greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by granting of relief.

(d) That no item of relief granted is relief which is prohibited under section six of this act.

(e) That complainant has no adequate remedy at law; and

(f) That the public officers charged with the duty to protect complainant's property are unable to furnish adequate protection.

43 Pa.S. § 206i; *see also DeWilde v. Scranton Building Trades and Construction Council,* 343 Pa. 224, 228, 22 A.2d 897, 899–900 (1941) (court must comply with Act's requirements, or·it is without power to enjoin picketing).

▮ The court, also, may issue an injunction in certain situations arising out of labor disputes to which the Act does not apply. 43 Pa.S. § 206d provides that if the court finds that employees have seized an employer's property, it may grant an injunction. Therefore, injunctive relief may be granted pursuant to general equitable powers without specific findings of the requirements in 206i.

Appellants first urge this court to find that the instant case is a labor dispute as defined in the Labor Anti–Injunction Act. Appellants argue that the Act applies since the "striking Giant Eagle workers are employees of the same employer and were engaged in controversy concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment." Appellants' brief at 15. *See* 43 Pa.S. § 206c(a) and (c). Accordingly, appellants argue, in order to claim jurisdiction, the court must make the requisite findings under 43 Pa.S. § 206i. Appellee counters that the Act does not apply in

cases where the employees have seized the property of the employer. Appellee contends that a seizure of its stores occurred in this case. Therefore, it defends the general equitable powers of the court to retain jurisdiction and enjoin the union's picketing activities. Upon review of the record and the relevant case law, we conclude that no seizure occurred.

First, appellants challenge the propriety of the injunction, arguing that no evidence proving that individuals had been turned away was presented. We agree. The law requires the court to determine that there is a *control* of the entrances of the property of the owner. In the eyes of the law, this constitutes a seizure of the premises. *Wilkes–Barre Independent Co. v. Newspaper Guild, Local 120*, 455 Pa. 287, 314 A.2d 251 (1974). In order to issue a valid injunction against mass picketing, the court first must find that the picketing "result[ed] in the intimidation and coercion of officers and employees of the plaintiff and *denie[d]* workmen from legitimate *access* to plaintiff's plant...." *Carnegie–Illinois Steel Corp. v. United Steelworkers of America Local 1397*, 353 Pa. 420, 426, 45 A.2d 857, 860 (1946) (emphasis added). The court's decision in *Carnegie–Illinois* was supported by evidence that the union had announced that all management personnel would be denied access to plant property. This was accomplished by the presence of one to two hundred picketers who stood shoulder to shoulder, three deep prohibiting passage. In addition, one individual attempting to remove personal articles from his locker was grabbed by pickets and forcibly detained within the plant. He was escorted against his will from company property by angry pickets who placed him into a pick-up truck against his will and drove him to a union hall where he was taken to private office and the door was locked. He attempted to flee several times and was injured by one of the pickets during the process. Although he eventually was released, continued threats by pickets elevated to the promise that there would be bloodshed if management did not stop making use of one particular plant entrance.

█ Instantly, this was not the case. Appellee presented testimony from supervisors, non-management employees, and customers who recalled their experiences with respect to customers who actually had *entered* various store locations. Their collective testimony conclusively established that the pickets did not control the entrances since both employees and customers were able to cross picket lines. The fact that their entry was not controversy-free is not controlling. Picketing which causes customers difficulty in gaining access to an establishment, does not constitute a seizure under the Act. *Frankel–Warwick Ltd. v. Local 274, Hotel, Bartenders and Restaurant Employees Union, supra.*

█ Appellee argues that the present case is distinguishable from *Frankel–Warwick* because the elements missing from that case are present herein. Appellee relies upon the following portion of that case to support their contention. "While the presence of the pickets may have made travel on the sidewalk somewhat difficult, *we do not perceive from the record any instance of threats, intimidation or physical restraint to constitute a seizure.*" *Id.,* 334 Pa.Super. at 53, 482 A.2d at 1076. (emphasis added). Appellee argues that their witnesses, Burgo, Martin, Trunzo, Sholhead, Malky, Kuhn, and Hammond, all testified that they were subject to threats and intimidation upon *entry.* Clearly, since customers and employees had access to the stores, appellee has neglected to provide evidence that physical interference which amounted to a seizure took place. There is no evidence, therefore, that these purported incidents occurred with the intention of compelling appellee to concede to appellants' demands as required by the Act. *See* 43 Pa.S. § 206d(d). Case law mandates that a seizure does not occur unless the union controls the entrances and denies access. *See Indiana Cobra, Inc. v. United Food and Commercial Workers Local 23,* 406 Pa.Super. 342, 594 A.2d 368 (1991). The trial court did not have the power to issue the injunction under section 206d of the Act.

█ Having found that this case falls within the ambit of section 206i of the Act, we now proceed to address appellants' contention that the trial court erred in granting an injunction

which limited informational picketing in a labor dispute without first finding that each of the prerequisites for injunctive relief set forth in the Act had been established. Before granting an injunction against picketing which arises out of a labor dispute, the court must find that: (1) unlawful acts have been threatened or committed or will be committed, (2) the employer's property will sustain substantial and irreparable injury, (3) greater injury will be inflicted upon the employer by the denial of relief than will be inflicted upon labor by granting relief, (4) adequate police protection is unavailable, and (5) there exists no adequate remedy at law. *See* 43 Pa.S. § 206i(a), (b), (c), (e), (f); *see also Solvent Machinery v. Teamsters Local No. 115, supra,* 343 Pa.Super. at 508, 495 A.2d at 580. *PHK–P, Inc. v. United Food and Commercial Workers Local 23, supra,* 381 Pa.Super. at 550, 554 A.2d at 522.

In the instant case, it is clear from the record that the court was aware of the restrictions set forth in 43 Pa.S. § 206i. This is evidenced by the court's recitation of the language of subsections (a), (b), (c), and (e). However, these conclusions are not supported by specific factual findings with relation to the standards. The law is clear that the court must make specific findings with regard to these subsections before it may enjoin labor picketing. *See Indiana Cobra, Inc. v. United Food and Commercial Workers Local 23, supra.*

Specifically, the requirements of 206i(b) had not been fulfilled. No evidence was presented that any union member had damaged *Giant Eagle* property. Nor was evidence presented that Giant Eagle property would be damaged if the injunction were not granted. Appellants presented the court with evidence of the following damage: a broken pizza delivery van windshield, the flattened tires of a delivery truck, a bomb threat, and rodent traps found in store aisles. This evidence is not sufficient to establish that *substantial* injury to *Giant Eagle's* property would follow unless an injunction were issued.

Further, the court failed to consider the final requirement of § 206i, that the public officers charged with the duty to protect appellee's property were unable to furnish adequate protection. Evidence on this issue was sparse and related to only two stores of the thirty-one enjoined. One store manager, Charles Sholhead, testified that police officers who were called to disperse pickets told him that they would not instruct the picketers to move away from store entrances without a court injunction. Thus, the police must not have perceived the activity of the pickets as illegal. In other testimony, Douglas Martin, another store manager, testified that local police were called to disperse pickets, but did not respond. Absolutely no evidence, however, was presented to support appellee's claim that local police were unable to furnish adequate protection at the retail chain's thirty-one Allegheny county stores. No one testified that police were called to respond to incidents of assault or property damage, and no one testified that once present, officers were unable to diffuse the situations. Therefore, we find this case analogous to *Solvent Machinery and Filter Systems, Inc. v. Teamsters Local No. 115*, 343 Pa.Super. 505, 509, 495 A.2d 579, 581 (1985), in which we held that:

> There was no evidence offered at the hearing that the public officers were unable to furnish adequate protection. Evidence was offered that the police were called and that they made a brief appearance on the scene. No testimony was offered to support the proposition that there were events taking place that were of such a magnitude that the local police could not handle the situation. No arrests were made. No patrol of the premises was established. We find therefore that the trial court lacked the statutory basis to issue the preliminary injunction.

Next, appellants contend that the court erred by issuing an overly broad injunction. Since we have determined that the court improperly granted this injunction, this issue appears to be moot.

Lastly, we address appellants' request for attorneys fees. The Act provides: "Upon denial by the court of any injunctive relief sought in an action growing out of a labor dispute, the

court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee." 43 Pa.S. § 206q. Having determined that the injunction was granted improperly, we are constrained to reverse the order and remand this case for a determination of an award of attorney fees and reasonable costs and expenses incurred by appellants in defending this suit. *See PHK–P, Inc. v. Local 23, supra; see also Indiana Cobra, Inc. v. United Food and Commercial Workers Local No. 23, supra.*

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

WIEAND, J., concurs in the result.